<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

<table>
<tr><td>

MICHELLE MAINA,

                Plaintiff,

v.

SOMERSET COUNTY JAIL, *et al.*,

                Defendants.

</td><td>

Civil Action No. 24-7499 (GC) (TJB)

<u>**MEMORANDUM ORDER**</u>

</td></tr>
</table>

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court on Plaintiff Michelle Maina's Amended Complaint (ECF No. 17), filed on January 30, 2025;[1] and

**WHEREAS** on January 1, 2024, the Southern District Court of New York granted Plaintiff's application to proceed *in forma pauperis.* (ECF No. 5.) On February 5, 2024, the United States District Court for the Southern District of New York severed and transferred the claims brought against the New Jersey Defendants to this Court and subsequently dismissed the following New Jersey Defendants without prejudice: Somerset County Jail; Bridgewater, New Jersey Police Department; "CFG (medical @ SCJ)"; Somerset County Courthouse; "[s]everal Correction Officers from SCJ"; "[s]everal nurses from CFG (all)"; and "[s]everal officers from Bridgewater Police Department." (ECF No. 6.); and

**WHEREAS** Plaintiff's Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B); and

---

[1]    While Plaintiff submitted a letter to assert her claims, the Court construes the letter as Plaintiff's attempt to file an Amended Complaint. (ECF No. 17.)

1

**WHEREAS** under Rule 10(c), "[a] statement in a pleading may be adopted by reference . . . in any other pleading or motion." "[N]othing in Rule 10(c) precludes a party from incorporating all of an earlier pleading." *Miles v. FOP Lodge #5*, Civ. No. 17-438, 2019 WL 13275789, at 1* (E.D. Pa. Jan. 7, 2019) (citing *Arunachalam v. Pazunkaik*, Civ. No. 15-259, 2018 WL 4603265, at *3 (D. Del. Sept. 25, 2018) (internal citations omitted)). A pleading that includes an incorporation by reference must still, however, comply with Rule 8, which requires a claim for relief to contain a "short and plain statement of the claim showing the pleader is entitled to relief." *Id.*; Fed. R. Civ. P. 8(a)(2). Accordingly, those who incorporate prior pleadings by reference must do so "with a degree of specificity and clarity which would enable a responding party to easily determine the nature and extent of the incorporation." *In re Morrison*, 375 B.R. 179, 193 (W.D. Pa. Bankr. 2007); and

**WHEREAS** "the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant." *Perry v. Paolillo*, No. 22-1872, 2022 WL 2209288, at *1 (E.D. Pa. June 21, 2022). When an amended complaint is filed, it replaces all prior versions of the complaint, and the original complaint no longer performs any function in the case. *Wilson v. Martone*, No. 11-5337, 2012 WL 715319, at *5 (D.N.J. Mar. 5, 2012); *see also Banks v. Smith*, No. 3:19-427, 2019 WL 2296511, at *7 (M.D. Pa. May 30, 2019) ("If Mr. Banks decides to file an amended complaint, he must clearly designate on the face of the document that it is his 'Amended Complaint.' It must bear the docket number assigned to this case, and it must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, preferably on the court-approved form. In addition, the 'amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [Complaint or Amended Complaint] already filed.' In other

2

words, the amended complaint will supersede (replace) his original complaint.") (quoting *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992)); and

**WHEREAS** the Court construes Plaintiff's letter as Plaintiff's Amended Complaint. However, the Amended Complaint does not adequately comply with the Federal Rules of Civil Procedure as it improperly attempts to incorporate by reference the original complaint filed before the Southern District of New York, fails to specify the type of relief sought, and fails to put the Defendants on notice of how their actions led to the deprivation of Plaintiff's rights. *See* Fed. R. Civ. P. 8(a), 10, 15; (*see also* ECF No. 17 at 1 (referencing a prior filing of a lawsuit against the New Jersey Defendants and previous filing of serious claims) [2]); and

**WHEREAS** accordingly, the Clerk is directed to provide Plaintiff with this Court's approved prisoner civil rights complaint form so that she may file an amended complaint that complies with the Federal Rules of Civil Procedure. With these principles in mind, Plaintiff will be given another opportunity to file an amended complaint within 45 days before this Court that includes all claims, parties, and all of the facts and allegations she seeks to assert against the New Jersey Defendants; and

**WHEREAS** Plaintiff is advised that the amended complaint shall set forth her claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure and shall be labeled as a "Second Amended Complaint." Plaintiff is further advised that neither conclusory allegations nor broad allegations will set forth a cognizable claim. Rather, "[t]he allegations should be specific enough as to time and place and should identify the person or persons responsible for the deprivation of [Plaintiff's] constitutional rights." *Banks*, 2019 WL 2296511, at *8. The Second Amended Complaint "should place each defendant on notice of how their

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3

actions (or inactions) led to the deprivation of [Plaintiff's] rights." *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). Finally, the Court encourages Plaintiff to utilize the Court's approved prisoner civil rights complaint form, which, as noted above, the Clerk shall be directed to provide;

**WHEREAS** the Court will then screen the Second Amended Complaint in due course. 28 U.S.C. §§ 1915A & 1915(E)(2)(B); and for other good cause shown,

**IT IS** on this 27th day of July, 2026 **ORDERED** as follows:

1. Plaintiff's Amended Complaint (ECF No. 17) is **ADMINISTRATIVELY DISMISSED** subject to refiling within 45 days.

2. Plaintiff may submit a proposed Second Amended Complaint within 45 days of the entry of this Order to the extent she can cure the deficiencies set forth herein.

3. The Clerk's Office shall serve copies of this Order and blank prisoner civil rights complaint forms upon Plaintiff by regular U.S. mail.

4. If Plaintiff wishes to file a proposed Second Amended Complaint, she shall notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08606, within 45 days of the date of entry of this Order; the writing shall include the proposed Second Amended Complaint, complete in all respects.

5. The Clerk's Office shall **ADMINISTRATIVELY TERMINATE** this matter from the Court's active docket pending Plaintiff's filing of a Second Amended Complaint.

4

6. If Plaintiff does not submit a proposed Second Amended Complaint within 45 days of the date of entry of this Order, the Clerk's Office shall be directed to **CLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

5